SUMMONS ISSUED CV - 11 3154

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____ X

Debra Triolo

**Plaintiff**

-against-

Asset Acceptance, LLC

**Defendant**

_____ X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 30 2011 ★
Docket No.:

LONG ISLAND OFFICE

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Unlawful Debt Collection Practices

**TRIAL BY JURY DEMANDED**

HURLEY, J.
LINDSAY, M

Plaintiff, by his attorney Joseph Mauro, complaining of the Defendant respectfully alleges and shows to the Court as follows:

## I. INTRODUCTION

1. The Defendant debt collector violated the Plaintiff's right to privacy in an attempt to collect an alleged consumer debt. The Defendant communicated with the Plaintiff's mother indicating that the Plaintiff owed a debt and was in collections.

2. This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

3. According to 15 U.S.C. 1692:

(a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c)  Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d)  Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e)  It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C Section 1692k (d), 28 U.S.C Section 1337. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## III. PARTIES

5. Plaintiff, DEBRA TRIOLO, is a natural person residing in SUFFOLK County, New York. Plaintiff is a consumer as defined by the FDCPA.

6. Defendant, Asset Acceptance, LLC is a foreign corporation authorized to do business in New York State. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

7. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. Section 1692a(6).

## IV. FACTUAL ALLEGATIONS

8. Plaintiff repeats paragraphs "1" through "7" as if fully restated herein.

9. Plaintiff incurred a consumer credit card debt ("the debt"). The alleged debt of Plaintiff was incurred for a credit card used for personal, family, or household services no part of which was used for a business purpose.

10. Unfortunately, and for reasons beyond her control, Plaintiff was unable to repay such debt on time.

11. At some point unknown to Plaintiff, Defendant alleges to have acquired the right to attempt to collect such debt.  Defendant has not produced, nor has Plaintiff seen any documents indicating that Defendant has the legal right to attempt to collect the alleged debt.

12. Within 1 year preceding the filing of this action, the Defendant telephoned the Plaintiff's parent's house and left a message on the answering machine of the Plaintiff's parents. The messages left by the Defendant on the Plaintiff's parents' answering service disclosed that the Plaintiff allegedly owed a debt which the Defendant was attempting to collect.

13. The message stated:

*Hi the message is for Debbie Triolo. If you are not Debbie Triolo please hang up. If you are, please continue to listen but not in the presence of others as this contains personal information. Ms. Triolo this is Eric Shelby a debt collector with Asset Acceptance. Please contact me about a personal business matter at 1800-545-9931. Extension 7969. Thank you.*

14. The message left by the Defendant on the answering service of the Plaintiff's parent's house were overheard by Plaintiff's mother.

15. The Plaintiff never gave the Defendant consent to communicate with any third party in connection with the collection of the debt.

16. The Plaintiff did not give the Defendant the telephone number where Defendant left the messages.

17. The telephone number that the Defendant called is registered to the Plaintiff's parents.

18. The telephone number that the Defendant called has never been registered to the Plaintiff.

19. A rudimentary search of the telephone number (516) 579-8743 on Google would have informed the Defendant that the phone number was registered to person other than Plaintiff.

20. The outgoing message on the Plaintiff's parents' answering machine indicates that more than one person lives in the Plaintiff's parents house. As such Defendant was on notice that persons other than the Plaintiff may hear a message left on the answering machine.

## V. CAUSE OF ACTION UNDER THE FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiffs repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

22. Defendant's actions as described herein violated 15 U.S.C Section 1692c(b) in that the message disclosed to a person other than the consumer that the Defendant was attempting to collect a debt from Plaintiff. (See *Zortman v. J.C. Christensen & Assocs.,*

2011 U.S. Dist. LEXIS 44982 (D. Minn April 26, 2011), *Berg v. Merchs. Ass'n Collection Div.*, 586 F. Supp. 2d 1336 (S.D. Fla. 2008).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, for the following:

1. Actual damages pursuant to the FDCPA,

2. Statutory damages pursuant to the FDCPA;

3. Costs and reasonable attorney's fees pursuant to the FDCPA;

4. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

The Law Office of Joseph Mauro, LLC
Joseph Mauro (JM 8295)
306 McCall Ave.
West Islip, NY 11795

## DEMAND FOR JURY TRIAL

Please take notice that plaintiffs demand trial by jury in this action.

_____
Attorney for Plaintiff